**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JAN 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS W.S. RICHEY, | No. 17-35298 |
| Plaintiff-Appellee, | D.C. No. 4:16-cv-05047-RMP |
| v. | |
| JONI AIYEKU, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted January 8, 2020[**]

Before:     CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Defendant Joni Aiyeku appeals from the district court's order denying her

motion for summary judgment on the basis of qualified immunity in Thomas W.S.

Richey's 42 U.S.C. § 1983 action alleging First Amendment right to petition and

retaliation claims.  We have jurisdiction over this interlocutory appeal under

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985). We review de novo the district court's summary judgment and qualified immunity determinations. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013). We affirm in part, reverse in part, and remand.

The district court properly concluded that, resolving all factual disputes and drawing all reasonable inferences in Richey's favor, Aiyeku is not entitled to qualified immunity on Richey's right to petition claim. *See Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (discussing qualified immunity and explaining that a "clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right" and "existing precedent must have placed the statutory or constitutional question beyond debate" (citations and internal quotation marks omitted)); *Brodheim v. Cry*, 584 F.3d 1262, 1271-73 (9th Cir. 2009) (explaining that "disrespectful language in a prisoner's grievance is itself protected activity under the First Amendment," and prison rules prohibiting disrespectful language in grievances are not reasonably related to legitimate penological interests).

The district court concluded that Aiyeku is not entitled to qualified immunity on Richey's retaliation claim. However, even resolving all factual disputes and drawing all reasonable inferences in Richey's favor, it would not have been clear to every reasonable official that merely refusing to accept a grievance for

processing is a retaliatory adverse action that violates a prisoner's First Amendment rights. *See Brodheim*, 584 F.3d at 1270-71 (referring to retaliatory adverse action as some additional punitive action or threat of punitive action over and above merely refusing to accept a grievance). We reverse the district court's denial of qualified immunity on Richey's retaliation claim, and remand with instructions to enter summary judgment for Aiyeku on this claim.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**